IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SCOTT STINSON**                                                                                           **PLAINTIFF**

V.                                                          CIVIL ACTION NO. 3:22-cv-290-TSL-MTP

**NEWK'S FRANCHISE COMPANY, LLC; and**
**JOHN DOE BUSINESS 1-5**                                                          **DEFENDANTS**

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Newk's Franchise Company, LLC ("Defendant" or "Newks") has removed this civil action entitled *Scott Stinson v. Newk's Franchise Company, LLC* (on the docket of the Circuit Court of Hinds County, Mississippi and bearing civil action number 25CI1:22-cv-00170-AHW), from the Circuit Court of Hinds County, Mississippi (First Judicial District), to the United States District Court for the Southern District of Mississippi, Northern Division, by filing this Notice of Removal. Pursuant to this removal, the Circuit Court of Hinds County, Mississippi (First Judicial District), should proceed no further with this matter pursuant to 28 U.S.C. § 1441, as amended.

Defendant appears specially and, for the sole and only purpose of effecting removal to this Court, states the following as grounds for removal:

1. This Notice of Removal has been filed within the time period prescribed in 28 U.S.C. § 1446(b). Venue is proper in the United States District Court for the Southern District of Mississippi, Northern Division pursuant to 28 U.S.C. § 1441(a) and § 1446(a).

2. Newks is the defendant in the previously identified civil action now pending in Circuit Court of Hinds County, Mississippi. Plaintiff alleges that Defendant retaliated against him by terminating Plaintiff's employment for allegedly complaining about "several employees

in Tennessee not having appropriate paperwork to show their work status in the United States." *Compl.*, ¶ 7. Further, the Complaint states that Plaintiff's termination "was a result of retaliation for Stinson following state and federal laws." *Compl.*, ¶ 12.

3. Said suit was filed on March 24, 2022. Defendant received notice of the Complaint on or about May 2, 2022. Defendant files and presents this Notice of Removal within thirty (30) days after receipt by it, through attempted service, of a copy of the Complaint, setting forth the claim for relief upon which such action or proceeding is based, as required by 28 U.S.C. § 1446, as amended.

4. As grounds for removal, Defendant states that this Court has original jurisdiction over this matter insofar as it arises under the laws of the United States, in particular, the Immigration Reform and Control Act of 1986 ("IRCA"). *See* 28 U.S.C. § 1331. Plaintiff alleges in the Complaint that Defendant violated state and federal law by terminating his employment in retaliation for complaining about the appropriateness of work status paperwork for several employees. *Compl.*, ¶¶ 7, 8, 10, 12. Federal law prohibits employers from retaliating against employees for complaining about violations of rights secured under IRCA. *See* 8 USCA § 1324b; 28 C.F.R. § 44.200(a)(2). As such, this case is properly removed to this Court because it could have been filed originally in this Court pursuant to 28 U.S.C. § 1331, as this Court has federal question jurisdiction. 28 U.S.C. § 1441(a) and § 1446.

5. As additional grounds for removal, Defendant states that this Court has original jurisdiction over this matter insofar as it raises state-law claims that implicate significant federal issues under the laws of the United States. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). One of Plaintiff's claims arises under *McArn v. Allied Bruce-Terminix Co.*, 626 So. 2d 603 (Miss. 1993), which created an exception to Mississippi's at-will

employment doctrine to allow a wrongful termination claim for complaining about an employer's unlawful activities. This exception requires "that the acts complained of warrant the imposition of criminal penalties, as opposed to mere civil penalties." *Roop v. S. Pharms. Corp.*, 188 So. 3d 1179, 1185 (Miss. 2016). The basis of Plaintiff's *McArn* claim is his complaint about improper immigration paperwork/practices, which implicates the criminal and civil penalties under IRCA and other federal immigration laws. *See* 8 U.S.C. § 1324a and § 1324b. Assuming that Plaintiff was terminated for the reason he alleges (which Defendant denies), the Court will have to decide whether the circumstances of this case arise to the level of criminal penalties under IRCA (which could support a *McArn* claim) or merely civil penalties under IRCA (which would not support a *McArn* claim).[1] This question constitutes a significant federal issue that conveys original jurisdiction to this Court.

5. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the Defendant's right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the putative claims; (8) failure to join an indispensable party(ies); or (9) any other pertinent defense available under Miss. R. Civ. P. 12 or Fed. R. Civ. P. 12, any state or federal statute or otherwise.

6. For the foregoing reasons, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] Defendant would also like to make the Court aware that Plaintiff has a pending Charge of Discrimination with the EEOC that alleges claims under Title VII of the Civil Rights of 1964. Defendant anticipates that Plaintiff will amend his Complaint to include his Title VII claims once the EEOC issues him a Right to Sue Letter. Should that be the case, then Plaintiff's Title VII claims will serve as another jurisdictional basis for removal to this Court.

7. Copies of all process, pleadings and orders served upon the Defendant in this action are attached hereto. Defendant has requested a certified copy of the state court record and will supplement this filing once received.

8. Simultaneously with the filing of the Notice of Removal, Defendant has given the Plaintiff, Scott Stinson, through his counsel, written notice of the removal of this action and is filing a copy of this Notice of Removal with the Clerk of the Circuit Court of Hinds County, Mississippi.

WHEREFORE, Defendant hereby removes this action from the Circuit Court of Hinds County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division.

This the 31st day of May, 2022.

            Respectfully submitted,

            NEWK'S FRANCHISE COMPANY, LLC,
            Defendant

      By: */s/ W. Mackin Johnson*
            W. Mackin Johnson (MS Bar No. 104285)
            Timothy W. Lindsay (MS Bar No. 1262)

            ITS ATTORNEYS

OF COUNSEL:

BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Phone: (601) 985-5711
Fax: (601) 985-4500
mackin.johnson@butlersnow.com
tim.lindsay@butlersnow.com

**CERTIFICATE OF SERVICE**

I, W. Mackin Johnson, one of the attorneys for Defendant, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the using the Court's ECF system, which sent notification of such filing to the following counsel of record:

Daniel M. Waide
Johnson, Ratliff & Waide, PLLC
1300 Hardy Street
PO Box 17738
Hattiesburg, MS 39404
(601) 582-4553 (office)
dwaide@jhrlaw.net

SO CERTIFIED, this the 31st day of May, 2022.

                                                    */s/ W. Mackin Johnson*
                                                    W. Mackin Johnson