**EXHIBIT A**

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**SCOTT STINSON**                                                       **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO.: 22-170**

**NEWK'S FRANCHISE COMPANY, LLC; and**
**JOHN DOE BUSINESS 1-5.**                                             **DEFENDANTS**

### SUMMONS

**THE STATE OF MISSISSIPPI**
**COUNTY OF HINDS**

TO:   Newk's Franchise Company, LLC
      c/o Corporation Service Company
      7716 Old Canton Rd, Suite C
      Madison, MS 39110

**THE COMPLAINT AND DISCOVERY, WHICH ARE ATTACHED TO THIS SUMMONS, ARE IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand deliver a copy of a written response to the Complaint and Discovery to <u>Daniel M. Waide</u>, P.O. Box 17738, Hattiesburg, MS 30404, attorney for the Plaintiffs. Your response to the Complaint must be mailed or delivered within 30 days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. Your response to the Discovery must be mailed or delivered within 45 days from the date of delivery. You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this 24 day of March, 2022.

Zack Wallace,
**HINDS COUNTY CIRCUIT CLERK**

_____M Green_____ D.C.

Daniel M. Waide, (MSB#103519)
1300 Hardy St.
PO Box 17738
Hattiesburg, MS 39404
601-582-4553 (Office)
601-582-4556 (Fax)
dwaide@jhrlaw.net

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

**SCOTT STINSON**                                                                              **PLAINTIFF**

**VERSUS**                                                          **CIVIL ACTION NO.: 22-170**

**NEWK'S FRANCHISE COMPANY, LLC; and**
**JOHN DOE BUSINESS 1-5.**                                                              **DEFENDANTS**

**JURY TRIAL DEMANDED**

---

**COMPLAINT**

---

This is an action to recover actual and punitive damages for discrimination and retaliation in violation of Mississippi's public policy exception to "at will" employment. The following facts support the action:

1.

Plaintiff, Scott Stinson, is an adult resident citizen of Madison County, Mississippi who may be contacted through undersigned Counsel.

2.

Defendant, Newk's Franchise Company, LLC, is a Mississippi limited liability corporation doing business in the State of Mississippi and may be served with process by service upon its registered agent, Corporation Service Company at 7716 Old Canton Rd, Suite C, Madison, MS 39110.

Defendants designated as John Doe Business 1 through 5 are, based upon information and belief, certain unknown and unnamed persons and/or entities who may be liable for the claims asserted herein, who include, but are not limited to, agents, servants, employees,

representatives, affiliates, parents, subsidiaries, joint-tortfeasors, tortfeasors, contractors, co-conspirators, joint adventurers, partners, stockholders, or any other related person or entity of the named Defendants and/or any and all other persons who may be liable to Spiers for the claims asserted herein. Spiers will amend her Complaint once the identities of the unknown Defendants are learned.

3.

This court has jurisdiction and venue is proper, because the Defendant is based in Hinds County – 2680 Crane Ridge, Jackson, Mississippi – and many of the actions giving rise to this litigation occurred in Hinds County.

4.

Stinson worked for the Defendant as the head of human resources.

5.

Stinson did an excellent job working for the Defendant and was not counseled regarding any employment related issues until Stinson began to undertake investigations of wrongdoing within the company.

6.

At some point after Stinson was conducting other investigations of wrongdoing within the company, Defendant took over several stores in Tennessee.

7.

During the take over of these Tennessee locations, Stinson identified and complained to the Defendant about several employees in Tennessee not having appropriate paperwork to show their work status in the United States.

8.

Stinson was asked to "look the other way" by Vice President of Operations regarding work status paperwork in Tennessee, but Stinson refused.

9.

Criminal penalties may be imposed on employers for filing to abide by immigration laws.

10.

Shortly after refusing to "look the other way," Stinson was terminated by the Defendant on or about February 27, 2020. Defendant has attempted to put together *post hac* "pre text" for Stinson's termination, pre text which itself may be considered unlawful grounds for termination.

11.

Stinson is entitled to actual damages for mental anxiety, stress and lost income. Defendants' actions are outrageous such that punitive damages are due.

12.

Stinson's termination was a result of retaliation for Stinson following state and federal laws. A motivating factor behind the Defendant's decision to terminate Stinson was Stinson's complaints about criminal conduct, a violation of the *McArn* doctrine in Mississippi. Stinson's termination and the grounds utilized by the Defendant were contrary to the standard practice and procedure for the Defendant.

13.

The Defendant's actions also constitute the tort of intentional infliction of emotional distress wherein the Defendant's actions are outrageous and the Defendant sought to punish and inflict harm on Stinson for Stinson's attempts to follow the law.

## PRAYER FOR RELIEF

Stinson prays for actual, compensatory, special, and punitive damages in the amount to be determined by a jury, reinstatement and for reasonable attorney's fees.

THIS the ___ day of March, 2022.

Respectfully submitted,

SCOTT STINSON
Plaintiff

/s/Daniel M. Waide
DANIEL M. WAIDE, MSB #103543

Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 HARDY ST.
PO BOX 17738
HATTIESBURG, MS 39404
601-582-4553 (OFFICE)
601-582-4556 (FAX)
dwaide@jhrlaw.net

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

SCOTT STINSON                                                                PLAINTIFF

VERSUS                                              CIVIL ACTION NO.:20cv-016-PH

NEWK'S FRANCHISE COMPANY, LLC; and
JOHN DOE BUSINESS 1-5.                                                     DEFENDANTS

*SERVED WITH COMPLAINT*

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT

COMES NOW the Plaintiff SCOTT STINSON (hereinafter "Stinson") by and through undersigned counsel and files the following Request for Discovery pursuant to the Mississippi Rules of Civil Procedure to Defendant, NEWK'S FRANCHISE COMPANY, LLC (hereinafter "Newk's"). Defendants are hereby requested to answer separately each Interrogatory and Request for Production separately and fully in writing as required by the Mississippi Rules of Civil Procedure and to serve Defendant's answers, responses, and objections, if any, upon Daniel M. Waide, at PO Box 17738, Hattiesburg, Mississippi 39404.

### INSTRUCTIONS AND DEFINITIONS

A.  The terms "document" and "documents" include, but not limited to, papers, photographs, films, recordings, memoranda, books, records, accounts, communications, and all retrievable information in computer storage.

B.  For purposes of interpreting or construing the scope of these Interrogatories, the terms used shall be given their most expansive and inclusive interpretation. This includes, without limitation, the following:

   1.  Construing the terms "and" and "or" used in any Interrogatory in the disjunctive of conjunctive, as necessary, to make the Interrogatory more inclusive;

2. Construing the singular form of any word to include the plural and the plural form to include the singular;

3. Construing the past tense of the verb to include the present tense and the present tense to include the past tense;

4. Construing the masculine form to include the feminine form and the feminine form to include the masculine form;

5. Construing the terms "Newk's", "you" and "your" to mean NEWK'S FRANCHISE COMPANY, LLC., your agents, entities, companies, business ventures, attorneys, and representatives, and all other persons acting in concert with you or on your behalf;

6. Construing the term "Newk's" to mean NEWK'S FRANCHISE COMPANY, LLC., its employees, agents, accountants, representatives, and all other persons acting on its behalf;

7. Construing the term "date" to mean the exact day, month and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations, or matters;

8. Construing the term "person" to mean natural persons, associations, corporations, partnerships, governments (or governmental agencies), quasi-public entities, proprietorships, joint ventures, trusts, estates, and all other forms of legal entities;

9. Construing the term "communication" to mean any form of verbal or written interchange, however transmitted;

10. Construing the terms "refer to," "referring to," "relate to," or "relating to" to mean constitutes, embodies, comprises, reflects, discusses, identifies, states, comments on, responds to, describes, analyzes, contains information concerning, or is in any way pertinent to the stated subject matter;

11. Construing the term "Complaint" to mean the "Complaint" and each Amendment thereto filed by Plaintiff in this cause.

12. Construing the term "identify" or "identity" to mean, with respect to a person, to set forth the person's name, employer, job title, home and business addresses and home and business telephone numbers; and

13. Construing the term "identify" or "identity" to mean (regardless of whether any claim of privilege is asserted), with respect to a document, to set forth the following information:

    a. Its nature (e.g., letter, memorandum, report, etc.)
    b. The date it bears, or, if undated, the date it was written or created;
    c. The identity of the person(s) who wrote or created it
    d. The identity of the person(s) who received it;
    e. Its file number or other identifying mark or code;
    f. Its general subject matter
    g. Its present or last known location; and

   h. Its custodian.

14. Construing the term "identify" or "identity" to mean (regardless of whether any claim of privilege is asserted), with respect to an "act, transaction or occurrence," to set forth the following information:
 a. a description of the nature and substance;
 b. the date of its occurrence; and
 c. the identify of all participants therein.

C. Each discovery request solicits all information available to Wells Fargo or obtainable by Wells Fargo from its agents, attorneys, and representatives.

D. The time frame for this discovery, unless indicated otherwise, is from January 1, 2016 through the date of your response.

E. Pursuant to the Federal Rules of Civil Procedure, these discovery requests shall be deemed to be continuing so as to require prompt, further, and supplemental response if you discover additional information that should have been included in response after the time of initial response.

F. Regarding any responsive document that was once, but no longer is in your possession, custody or control, identify what disposition was made of the document, its present location, and its present custodian. This includes information which was in computer storage.

G. Regarding any responsive document that has been destroyed, identify that document by date, author(s), addressee(s) and subject matter, the date of such destruction, the manner of such destruction, the reason for such destruction, the person authorizing such destruction, and the custodian of the document at the time of its destruction.

H. If you withhold information, by claiming that it is privileged or subject to protection as trial preparation material, make the claim expressly and describe the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing the information that is privileged or protected, will enable the parties and the Court to access the applicability of the privilege or protection by preparing a privilege log containing at least the following information:

 1. Identification of the document by date and author;
 2. The identity of the author by corporate position and capacity;
 3. The identity and corporate position of the person or persons involved in the creation of the document and/or supplying information for the creation of the document;
 4. The source of the information contained in the document;
 5. The place of creation or recordation of the document;

6. The names of all persons participating in the preparation of the document;
7. The subject matter of the document;
8. The purpose for the creation of the document;
9. The name and corporate position, if any, of each person to whom the contents of the document have heretofore been communicated by copy, exhibition, reading or substantial summarization;
10. The number of pages and estimated cost of location and reproduction of the document; and
11. The location of the document.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify by name, present or last known address, telephone number, place of employment, and job title or position, any person known to you, your attorneys, or anyone acting on your behalf, whom you believe (or know) has relevant knowledge of any facts, events, or circumstances referenced in the claims and allegation made in Plaintiff's Complaint. For each such person, please include a brief summary of the relevant knowledge that you believe each such person possesses.

**INTERROGATORY NO. 2:** Do you, your attorneys. Or anyone acting on your behalf know of the existence of any written or recorded statements made by or for any party or witness pertaining to the facts of this case? If so, please identify by name, present or last known address, telephone number, place of employment, and job title or position of each person from whom any such statements were taken; who took the statement, and who currently has custody of the statement or recording.

**INTERROGATORY NO. 3:** Are you aware of any inquiries or investigations that were conducted concerning the claims and allegations made in Plaintiff's Complaint? If so, please identify by name, address, telephone number, employer, and job title or position, the persons who conducted or participated in any such inquiry or investigation, and all persons who

4

were contacted or interviewed during any such inquiry or investigation. Please include in your response a description of any documents or other evidence that was received, reviewed or otherwise obtained during any such inquiry or investigation, as well as any documents, reports, correspondence or other communications that were generated as a result of any such inquiry or investigation.

**INTERROGATORY NO. 4:** Disclose expert information pursuant to Rule 26, including the identity of each expert, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

**INTERROGATORY NO. 5:** Excluding the matters currently sued upon, please identify all complaints that have been filed against Newk's during the previous 5 years, for any type of claims or violations related to the claims made by Plaintiff.

**INTERROGATORY NO. 6:** State whether you are withholding any documents because you claim they are privileged. If the answer is yes, please provide a privilege log as required by the local rules which includes the name of the document, the author, the date, and the reason the document is deemed privileged.

**INTERROGATORY NO. 7:** Please provide a complete and detailed summary of the Plaintiff's earnings history with Newk's.

**INTERROGATORY NO. 8:** Please state each and every communication or conversation which Defendant had regarding any problems with Plaintiff's work performance. Please include in your response the date(s), persons present, and nature or substance of all such communications or conversations. Also, please include any statements that can be recalled, and

state whether or not any such communication or conversation was memorialized in any written or recorded fashion.

**INTERROGATORY NO. 9:** Please describe and detail and with specificity, all complaints made against Plaintiff during the last year of his employment with Newk's.

**INTERROGATORY NO. 10:** Please describe in detail how you contend the matters which form the basis of the Complaint occurred or took place including the factual basis for the Plaintiff's termination.

**INTERROGATORY NO. 11:** Identify the person/s who alleged reported the Plaintiff's deficient work performance.

**INTERROGATORY NO. 12:** Please identify all events/incidents/times (During Plaintiff's employment) in which you allege Stinson failed to complete his duties. Include dates, times, facts of the deficiency, names of witnesses, and explain in detail how Stinson's alleged failure affected the company.

**INTERROGATORY NO. 13:** Identify each Defendant employee who participated in any way in the decision to terminate Plaintiff.

**INTERROGATORY NO. 14:** Identify each Defendant employee who had the responsibility to supervise the person/persons identified in your response to interrogatory 13.

**INTERROGATORY NO. 17:** Please state the amount of wage and nonwage compensation Plaintiff received on a weekly basis pursuant to the terms of employment.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Please produce all emails sent or received by Stinson during the last year of his employment.

**REQUEST NO. 2:** Please produce all documents in support of the statements you made to the EEOC regarding Plaintiff's EEOC Complaints and termination.

**REQUEST NO. 3:** Please produce all documents sent or received by you, to or from any government agency regarding Plaintiff. Plaintiff's request includes but is not limited to the EEOC, IRS, MDES, MDOR, etc.

**REQUEST NO. 4:** Please produce any and all documents identified and/or requested to be identified in the Interrogatories which accompany this request.

**REQUEST NO. 5:** Please produce a copy of all emails, text message, facebook messages, posts, or any other communication between you, employees, and/or any Defendant regarding Plaintiff.

**REQUEST NO. 6:** Please produce all documents and exhibits to be utilized at trial or hearings as exhibits and/or evidence.

**REQUEST NO. 7:** Please produce all documents evidencing the discussion and/or decision to terminate Plaintiff.

**REQUEST NO. 8:** Please produce all documents and communications in your possession or control regarding Plaintiff's employment with Newk's.

REQUEST NO. 9: Please produce a copy of all communications with each expert witness you have retained for the purposes of providing opinion testimony in this matter.

REQUEST NO. 10: Please produce any and all documents which you contend is an admission by any party against its interest or which would constitute a prior inconsistent statement of any witness.

REQUEST NO. 11: Please produce a copy of Plaintiff's employee/personnel file in your possession, custody, or control.

REQUEST NO. 13: Please produce any and all policy manuals, handbooks, employee manuals, or any other like documents evidencing your policies in regards to human resources and/or personnel in effect during Plaintiff's employment.

Respectfully submitted this the 24 day of April, 2022.

SCOTT STINSON
PLAINTIFF

BY: _____
DANIEL M. WAIDE (MSB #103543)

Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 HARDY ST.
PO BOX 17738
HATTIESBURG, MS 39404
601-582-4553 (OFFICE)
601-582-4556 (FAX)
dwaide@jhrlaw.net